# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II,<br><br>            Plaintiff,<br><br>     v.<br><br>LEDGER, et al.,<br><br>            Defendants. | Case No. **1:16-cv-00377-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY** *HECK V. HUMPHRY*, **512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff, L.M. Daniels, II, is in custody at the Fresno County Jail, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that he was wrongly found in violation of parole and thereafter taken into custody.

When an inmate challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

1

The Complaint does not contain any allegations to show that Plaintiff's finding of parole violation has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: __**January 30, 2017**__                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE