# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEDGER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00377-SKO (PC)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　Plaintiff, L.M. Daniels, II, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 while in custody at the Fresno County Jail. Plaintiff complains that he was wrongly found in violation of parole and taken into custody.

　　　　When an inmate challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's finding of parole violation has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, on January 30, 2017, an order issued for Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Despite lapse of several months, Plaintiff has not filed any response to the January 30, 2017 order.[1]

Accordingly, it is HEREBY ORDERED that this action is DISMISSED without prejudice since barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

IT IS SO ORDERED.

Dated: **April 24, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the order to show cause and another order which issued on January 30, 2017 have been returned and marked "Not in Custody" and "Unable to Forward." (*See* Docket entries for 02/06/17 and 02/17/17.) This does not excuse Plaintiff's lack of response to the order to show cause. Rather, Plaintiff has apparently been released from custody, but has not kept the Court informed of his current address in violation of the First Informational Order. (*See* Doc. 3, p. 5.)